UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CENTRAL PRODUCE CORP.,

                              Case No. 17-cv-3841 (LDH)(RLM)

              Plaintiff,

    - against -                   **PRELIMINARY**
                                        **INJUNCTION ORDER**

34-18 M&M CORP. t/a MET FRESH
SUPERMARKET, FRANK'S CABALLITO #2
MARKET PLACE, INC. t/a SUPER PIONEER
MARKET PLACE and FRANK RODRIGUEZ,

              Defendants.
-----------------------------------------------------------------X
L<small>A</small>SHANN D<small>E</small>ARCY HALL, United States District Judge:

      **THIS MATTER** is before the Court upon the Order to Show Cause brought by Plaintiff Central Produce Corp. ("Central" or "Plaintiff") seeking an order enjoining and restraining the Defendants 34-18 M&M Corp. t/a Met Fresh ("Met Fresh"), Frank's Caballito #2 Market Place, Inc. t/a Super Pioneer Market Place ("Pioneer") and Frank Rodriguez ("Rodriguez") (Met Fresh, Pioneer and Rodriguez collectively, "Defendants") and their customers, agents, employees, officers, directors, successors, subsidiaries, related entities, assigns, and banking institutions from taking any action to assign, transfer, convey, spend or dissipate PACA trust funds in the sum of $154,454.50, except for payment to Plaintiff, and directing and requiring Defendants to account for the assets and liabilities of Met Fresh and Pioneer. Plaintiff's motion for a preliminary injunction is unopposed.

      "The usual standard for preliminary injunctions applies to 'applications based upon the duties of a statutory trustee' under PACA." *Bonell Produce Co. Inc. v. Chloe Foods, Inc.*, No. 08-CV-4218FBCLP, 2008 WL 4951942, at *3 (E.D.N.Y. Nov. 19, 2008) (quoting *JSG Trading Corp. v. Tray–Wrap, Inc.,* 917 F.2d 75, 79 (2d Cir.1990)). The applicant "must make an

appropriate showing with regard to the merits of the litigation, [and] also must show the likelihood of irreparable injury if the requested relief is not granted." *Id*. Specifically, the movant must show "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Horizon Mktg. v. Kingdom Int'l Ltd.*, 244 F. Supp. 2d 131, 139 (E.D.N.Y. 2003) (quoting *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.,* 596 F.2d 70, 72 (2d Cir.1979)). Plaintiff likely meets this burden.

Plaintiff has demonstrated a likelihood of success on its claim. Plaintiff is a PACA licensee. (*See* Decl. in Supp. of Appl. for Emergency Relief, ECF No. 3-1 at ¶ 3.) Defendants have not disputed that they are subject to the PACA trust mechanism or that Plaintiff sold and delivered wholesale quantities of produce to Defendants between February 9, 2015 and May 19, 2017. (*See id*. at ¶¶ 4-5, 8.) Further, Plaintiff has submitted invoices, which contain the language necessary to perfect its trust interest by notice. (*Id*. at Ex. B); *see also* 7 C.F.R. § 46.46(f)(3)(i); 7 U.S.C. § 499(e)(3) and (4) ("The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."). Additionally, Plaintiff has submitted evidence demonstrating that multiple checks Defendants tendered to Plaintiff as payment have been returned by Defendants' bank for insufficient funds. (*See* Decl. Ex. C.)

Plaintiff has similarly shown irreparable harm. It is long settled that "[a] risk that a

PACA trustee will dissipate the trust constitutes irreparable harm." *See Bonell Produce Co. Inc.*, 2008 WL 4951942, at *3 (citing *Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.,* 222 F.3d 132, 139 (3d Cir.2000)). Here, the evidence demonstrating that Defendants' checks have been returned for insufficient funds indicates that dissipation of trust assets has already occurred. Lastly, the balance of equities tips in Plaintiff's favor because "[g]ranting Plaintiff[']s[] motion would only require that Defendants satisfy their fiduciary duties under PACA. Defendants will not be harmed by fulfilling their statutory obligations and preventing the dissipation of trust assets." *S. Katzman Produce Inc. v. Kato Food Corp.*, No. 16 CIV. 8116 (CM), 2016 WL 6561414, at *5 (S.D.N.Y. Oct. 26, 2016).

It appearing that Plaintiff will be irreparably and immediately harmed if the relief requested is not granted, and for good cause shown;

**IT IS HEREBY ORDERED,** that Plaintiff's Motion for Preliminary Injunction is granted; and it is further

**ORDERED,** that Defendants, their customers, agents, employees, officers, directors, subsidiaries, related entities, successors, assigns, and banking institutions, shall not alienate, dissipate, pay over or assign any assets of Met Fresh and Pioneer, their successors, subsidiaries and related companies, except for payment to Plaintiff, until further order of this Court or until Defendants pay Plaintiff the amount of $154,454.50 by bank check or wire transfer; and it is further

**ORDERED,** that within five (5) business days of the date of this Order, Defendants shall supply to Plaintiff's counsel the following documents regarding the assets of Met Fresh and Pioneer, their successors, subsidiaries and related companies: most recent balance sheets and profit/loss statements, accounts receivable names and addresses for collection purposes, and all

records, such as checking account registers and cash receipt records, showing how any funds of Met Fresh and Pioneer were spent in the last six (6) months; and it is further

**ORDERED,** that Defendants and/or any banking institutions used by Met Fresh and Pioneer shall, within two (2) business days of service of this Order, pay any and all funds realized from the sale of produce in their possession up to $154,454.50 to McCarron & Diess, 707 Walt Whitman Road, Melville, New York 11747, attorneys for Plaintiff, for payment to Plaintiff; and it is further

**ORDERED,** that any and all funds belonging to Met Fresh and Pioneer, and their successors, subsidiaries and related companies, in the possession of third parties, including all funds belonging to Met Fresh and Pioneer, their successors, subsidiaries and related companies, on deposit at banking institutions up to $154,454.50, shall be immediately paid to McCarron & Diess, 707 Walt Whitman Road, Melville, New York 11747, attorneys for Plaintiff, for payment to Plaintiff; and it is further

**ORDERED,** that the attorneys for Plaintiff are hereby authorized and directed to collect all outstanding accounts receivable of Met Fresh and Pioneer, their successors, subsidiaries and related companies, and transfer said collections to Plaintiff until Plaintiff receives full payment of the sum of $154,454.50, and that Defendants are required to cooperate with Plaintiff's attorneys in providing any necessary documents to effect collection; and it is further

**ORDERED**, that delivery of a copy of this Order to Defendants shall be deemed to constitute notice of this Order upon Defendants, their agents, servants and employees pursuant to Fed. R. Civ. P. 65(d)(2).

**SO ORDERED.**

**Date:** July 14, 2017

                                                    /s/ LDH
                                       Hon. LaShann DeArcy Hall, U.S.D.J.